■ PARSONS & WHITTEMORE, INC., Respondent, v ABADY LUTTATI KAISER SAURBORN & MAIR, P.C., et al., Appellants, et al., Defendants. PARSONS & WHITTEMORE, INC., Respondent, v ABADY LUTTATI KAISER SAURBORN & MAIR, P.C., et al., Defendants, and CAROL M. LUTTATI, Appellant. [765 NYS2d 861] —Orders, Supreme Court, New York County (Paula Omansky, J.), entered September 13, 2002 and April 4, 2003, which, to the extent appealed from, denied defendants-appellants' motions to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, with costs payable by defendant Abady Luttati Kaiser Saurborn & Mair, P.C. to plaintiff in the first appeal.

Plaintiff commenced this action for fraudulent conveyance under the actual fraud provision of Debtor and Creditor Law § 276 and the constructive fraud provisions of Debtor and Creditor Law §§ 273-a, 274 and 275, to collect monies due from the debtor law firm in consequence of the failure of certain defendants at the expiration of the lease term to deliver possession of space subleased to them by plaintiff. Plaintiff alleges, inter alia, that defendants believed they would be able to hold over in the leased premises while utilizing the corporate shield of the debtor law firm to escape liability to plaintiff, that, on information and belief, the present assets of debtor law firm are insufficient to satisfy any present or future judgment, and that its prior assets, including cases, were transferred without sufficient consideration and with actual intent to hinder, delay or defraud plaintiff, as a present and future creditor. These allegations were, under the circumstances presented, sufficient to survive defendants' motions to dismiss (*see Lanzi v Brooks*, 43 NY2d 778 [1977]; *Bernstein v Kelso & Co.*, 231 AD2d 314 [1997]). We note in this connection that the pending cases of the debtor law firm were assets subject to distribution (*see Shandell v Katz*, 217 AD2d 472, 473 [1995]) and that the specific facts relating to their disposition are within defendants' exclusive knowledge. At this stage of the proceeding, it would be premature to grant dismissal of defendant Luttati.

We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.