■ AMERICAN MAYFLOWER LIFE INSURANCE COMPANY OF NEW YORK, Appellant, v ABIE MOSKOWITZ et al., Respondents, et al., Defendants. [794 NYS2d 32]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered on or about October 2, 2003, which dismissed the second, third, eleventh, twelfth, thirteenth and a portion of the sixth causes of action, unanimously modified, on the law, to reinstate the second, third, eleventh and the remainder of the sixth causes of action, and otherwise affirmed, without costs.

This case arises from the fraudulent procurement of a life insurance policy with a death benefit of $2 million. On or about July 18, 1996, plaintiff issued the policy on the life of Jack

Lebowitz, who was purported to have signed the application and medical form in four places, and to have appeared for a medical examination in Brooklyn, on April 30, 1996.

On that date, he was actually a cancer patient in Community Hospital in Dobbs Ferry. He eventually died from that disease on March 19, 2001, about four years after the policy was issued.

In or about May 1997, plaintiff received a change-of-owner form purportedly signed by the insured, which reflected an assignment of all incidents of ownership to defendant Mosdot Nadvorna Mamar Mordechai. According to the deposition testimony of Mosdot's president, defendant Moskowitz, Mosdot is an Israeli corporation with an office in Brooklyn. It purports to be a religious corporation organized in 1983. In the same month plaintiff also received a change-of-beneficiary form purportedly signed by Moskowitz, in which Mosdot was designated as the primary beneficiary.

After Jack Lebowitz's death, Moskowitz submitted the requisite claim forms to plaintiff on behalf of Mosdot, and on May 18, 2001 , plaintiff issued a check to Mosdot. It is alleged that Moskowitz appropriated a substantial portion of the proceeds for himself, and sent the balance to Mosdot's home office in Israel.

By amended and supplemental complaint verified on January 23, 2003, plaintiff sought recovery of the proceeds, asserting thirteen causes of action. Only those asserted against Moskowitz and Mosdot are addressed.

The first cause of action sought rescission of the policy on the ground that there was no meeting of the minds, since plaintiff only intended to insure Jack Lebowitz if he was the person who signed the medical history portion of the application and presented himself for the required medical examination.

The second cause of action, asserted against Mosdot, alleged that Mosdot is not a religious corporation formed under New York law, and thus the assignment of the policy to it was void.

The third cause of action, asserted against, inter alia, Mosdot and Moskowitz, alleged that Mosdot was always the intended beneficiary, but that Mosdot evaded the underwriting requirement that an application for life insurance in excess of $1 million face value for the benefit of a charity must be accompanied by a disclosure that includes "the proposed insured's income tax returns for the previous three years or an audited financial statement for evaluation by American Mayflower's underwriters." Plaintiff thus sought the return of the moneys paid to Mosdot, along with punitive damages.

The sixth cause of action, asserted against, inter alia, Moskowitz and Mosdot, claimed that the policy was issued as a result of various instances of fraud, including the designation of the insured's children as beneficiaries with the intent that they were never to receive the proceeds and that Mosdot was to become the beneficiary, the appearance of a substitute for Jack Lebowitz at the physical examination, the forging of his signature, and the failure to comply with underwriting requirements.

The seventh cause of action, alleged against Moskowitz and Mosdot, asserted that there was forgery in the change-of-owner form, the change-of-beneficiary form, and the claim forms.

In the eleventh cause of action asserted against all defendants, plaintiff claimed the application for insurance required that the policy would not take effect unless it was actually delivered to the owner, and therefore, the policy never took effect.

The twelfth and thirteenth causes of action alleged that Mosdot and Moskowitz were unjustly enriched by the wrongful retention of funds, and that it is against good conscience and equity for them to retain the proceeds of the policy.

Moskowitz and Mosdot moved to dismiss the first, second, third, sixth, seventh, twelfth and thirteenth causes of action as against them, pursuant to CPLR 3211 (a) (1), (3) and (7). The court dismissed the second, third, eleventh, twelfth and thirteenth causes of action, as well as that portion of the sixth cause "which alleges that plaintiff was fraudulently induced to issue the policy by the fact that Jack Lebowitz's two children were initially named as the beneficiaries." The court left standing the first and seventh causes of action.

The second cause of action was incorrectly dismissed, and should be reinstated. The court found that Insurance Law § 3205 (b) (1) permits the assignment of a contract of insurance, and that section 3205 (b) (3) permits an assignment to a Type B religious corporation formed pursuant to Not-For-Profit Corporation Law § 201 (b) noting that since Mosdot had submitted a certificate of incorporation for itself, it was a qualified beneficiary.

Section 3205 (b) (3), as then constituted, provided that a Type B charitable corporation formed pursuant to N-PCL 201 may procure a contract of life insurance upon the person of another, and may designate itself as a beneficiary. This section avoids the obstacle of having to establish an insurable interest resulting from kinship or economic interest, in order to become a beneficiary (see Insurance Law § 3205 [b] [2]).

Plaintiff, which claims Mosdot was not a religious corporation

and thus seeks to void the assignment of the policy to Mosko-witz, correctly points out that dismissal of this cause of action is prevented by questions of fact as to the identity of the organization named Mosdot, the recipient of the proceeds of the policy, and defendant Lebowitz's understanding of said organization and the nature of his consent. Plaintiff offered the deposition testimony of Moskowitz in which he stated that Mosdot is "an organization in Israel." He further stated that all its activities were in Israel, except for fund-raising in the United States. Its New York address was originally in his office, but now only a post office box was maintained. Of note, he did not recite that it was a New York corporation or that it was actually incorporated in New York. Only after the motion to dismiss was made, and the certificate of incorporation was presented as an exhibit, did Mosdot claim it was actually a New York corporation. Clearly there are questions as to Mosdot's characteristic sufficient to warrant defeat of this branch of the motion to dismiss.

The third cause of action, in which plaintiff averred that it would not have issued a policy had it known that Mosdot was the intended beneficiary, should also be reinstated. The court found that this was an attempt to circumvent the incontestability clause.

The third cause of action alleges that since it was never intended that the children would be beneficiaries, the disclosure requirement of submitting three years worth of income tax returns from Mosdot was avoided. As alleged in the complaint, the disclosure requirement is triggered when an application for life insurance is made in an amount exceeding $1 million for the benefit of a charity. Plaintiff claims that by not originally listing Mosdot as the beneficiary, defendants caused a policy to be issued that would not otherwise have been issued.

Although the court dismissed this claim as barred by the incontestability clause, plaintiff is not contesting the issuance of the policy, and claims that the policy would have been valid if issued for the benefit of the children. It correctly argues, however, that if the signature on the change-of-ownership form was forged, Mosdot could not have succeeded to ownership of the policy because Moskowitz was a stranger to the policy. Therefore, the incontestability clause could not apply, since the provisions for incontestability inure to the benefit of the insured and his beneficiary, or to the benefit of a bona fide assignee, but not a stranger (citing 46 CJS, Insurance § 859).

Insurance Law § 3203 (a) (3) provides that all life insurance policies must contain a clause that the policy is incontestable after being in force for over two years. Certainly, as plaintiff

concedes, had the policy originally been issued with Jack Lebowitz's children as beneficiaries, and proceeds paid directly to them, payment of the proceeds could not have been stopped. Here, however, Moskowitz is not a beneficiary under the policy, and is alleged to have committed fraud in procuring the assignment, since Jack Lebowitz does not appear to have signed the change-of-owner or change-of-beneficiary forms. Therefore, there are genuine questions as to whether plaintiff is barred from recovering against Moskowitz for his fraud. Counsel has not submitted, nor has the court found, any authority suggesting that a stranger to the policy who commits fraud in such circumstances is immune from liability.

The sixth cause of action should be reinstated in its entirety. Asserted against both Moskowitz and Mosdot, this cause of action alleges that a series of fraudulent activities were part of a plan designed to avoid plaintiff's underwriting requirements so that the policy proceeds could be made payable to Mosdot. For the reasons discussed above, i.e., that Moskowitz is a stranger to the policy and Mosdot's status as assignee was purportedly obtained by forgery, this cause of action states sufficient facts to survive a motion to dismiss.

The eleventh cause of action should be reinstated. There is a valid question presented whether the policy was actually delivered to Lebowitz, thereby triggering the two-year period for the application of the incontestability clause. At this early pleading stage, plaintiff has met its burden to allege facts as to whether the policy was actually delivered and thus took effect (*see New York Life Ins. Co. v Manning*, 156 App Div 818 [1913], *affd* 213 NY 665 [1914]).

The court was correct in dismissing the twelfth and thirteenth causes of action for unjust enrichment and money had and received. They are duplicative of the sixth cause of action to the extent they allege underlying fraud, and the seventh cause of action to the extent they allege forgery in the assignment documents. Concur—Mazzarelli, J.P., Andrias, Marlow and Sweeny, JJ.