■ PATRICK D. BARRETT, Individually and as a Limited Partner of Delma Associates LP, for the Benefit of Delma Associates LP, Appellant, v KEVORK TOROYAN et al., Respondents, et al., Defendant. [813 NYS2d 415]—

Order, Supreme Court, New York County (Richard B. Lowe III, J.), entered June 29, 2005, which, in an action by a limited partner of Delma Associates LP against, inter alia, the general partner (Delma Properties, Inc.), Delma Properties' individual directors, and another limited partner (Tema Development [1988] Inc.), for, inter alia, breaches of fiduciary duty and aiding and abetting thereof (counts I-III), breach of the partnership agreement (count V), and conversion (count VI), insofar as appealed from, granted defendants-respondents' motion to dismiss counts I-III and VI, all derivatively pleaded on behalf of Delma Associates, dismissed count VI as against Tema on the additional ground of lack of personal jurisdiction, denied plaintiff's request to conduct jurisdictional discovery, and struck plaintiff's request for punitive damages under count V, unanimously modified, on the law, to reinstate count III, reinstate counts I and II except as they relate to the diversion of a partnership opportunity, and reinstate count VI except as against Tema and except as it relates to a partnership opportunity, and otherwise affirmed, without costs.

Contrary to defendants' contention, plaintiff may bring derivative claims on behalf of Delma Associates, a Delaware limited partnership (Del Code Ann, tit 6, § 17-1002). However, to the extent that counts I and II allege that defendants diverted an opportunity from Delma Associates to defendant Delma Associates II, LLC, they were properly dismissed based on documentary evidence (CPLR 3211 [a] [1]). Delma Associates' partnership agreement permits its partners to engage in other real estate business, and such "other business" clauses allow partners to pursue business opportunities that might otherwise have gone to the partnership (*see Continental Ins. Co. v Rutledge & Co.*, 750 A2d 1219, 1235-1236 [Del Ch 2000]; *Kahn v Icahn*, 1998 WL 832629, 1998 Del Ch LEXIS 223 [1998], *affd* 746 A2d 276 [Del 2000]).

However, to the extent that counts I, II, and III allege that defendants misappropriated Delma Associates' goodwill and asset management fees and committed waste by spending Delma Associates' money for the benefit of Delma II, they should not have been dismissed, since the documentary evidence does not "utterly refute[ ] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Under Delaware law, a limited partnership agreement can limit, but not eliminate, the general partner's fiduciary duties (*see Gotham Partners, L.P. v Hallwood Realty Partners, L.P.*, 817 A2d 160, 167-168 [Del 2002]), and *Rutledge* was careful to say that an

"other business" clause does not permit self-dealing or self-interested transactions (*see* 750 A2d at 1236-1237).

Because the conversion of Delma Associates' assets is alleged to have occurred in New York, and a claim for conversion does not depend on questions of internal partnership governance, New York law applies to count VI, the conversion claim (*see e.g. Lund's, Inc. v Chemical Bank*, 870 F2d 840, 845-846 [2d Cir 1989]). To the extent this claim is based on conversion of a partnership opportunity, it was properly dismissed because "the subject matter of a conversion action must constitute . . . tangible personal property" (*Roemer & Featherstonhaugh v Featherstonhaugh*, 267 AD2d 697, 697 [1999], *lv denied* 95 NY2d 758 [2000]). However, contrary to defendants' argument, count VI, as supplemented by plaintiff's affidavit in opposition, sufficiently identifies certain asset management fees as the monies that were allegedly converted (*see Hoffman v Unterberg*, 9 AD3d 386 [2004]).

Jurisdiction over Tema was not conferred by its involvement as a limited partner in partnerships that do business in New York (*see Lynn v Cohen*, 359 F Supp 565, 567-568 [SD NY 1973]), its consent to New York jurisdiction in other limited partnership agreements, or its assertion of a counterclaim against plaintiff in an unrelated New York arbitration. Nor do these circumstances warrant jurisdictional discovery (*cf. generally Granat v Bochner*, 268 AD2d 365 [2000]). In *Intermar Overseas v Argocean* (117 AD2d 492 [1986]), relied on by plaintiff, the dispute before the court, unlike here, was closely related to the parties' arbitration.

Plaintiff's request for punitive damages under count V was properly dismissed as defendants' conduct was not "part of a pattern directed at the public generally" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). We reject plaintiff's attempt, on appeal, to recast his breach of contract claim as a breach of fiduciary duty claim. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and McGuire, JJ.