■ WINDY MINELLA, Respondent, v RICHARD J. RESTIFO, M.D., Appellant. [3 NYS3d 322]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 16, 2013, which, in this medical malpractice action, denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Personal jurisdiction does not exist pursuant to CPLR 302 (a) (1), as there is insufficient evidence that defendant "transacts any business within [New York State]" or that he "contracts anywhere to supply goods or services in the state." Indeed, it is uncontroverted that defendant is licensed to practice medicine in Connecticut, not New York. Although defendant is associated with a Connecticut facility (Split Rock) whose website displays a New York office and telephone number, Split Rock and defendant maintain separate websites. Further, the listing of a New York office and telephone number on a website, without more, is insufficient to confer personal jurisdiction (*see Paterno v Laser Spine Inst.*, 24 NY3d 370, 377 [2014]; *Arouh v Budget Leasing, Inc.*, 63 AD3d 506 [1st Dept 2009]). The Split Rock website "merely impart[s] information without permitting a business transaction" (*Paterno*, 24 NY3d at 377). Further, defendant averred without contradiction that the New York address and telephone number on the website refers to his associate Dr. Neil Gordon, who is licensed to (and does) practice medicine in New York. That defendant's associate is a licensed New York physician does not confer jurisdiction over defendant (*see Barrett v Toroyan*, 28 AD3d 331, 333 [1st Dept 2006]).

Personal jurisdiction does not exist pursuant to CPLR 302 (a) (3) (i), as plaintiff was injured outside New York State. In a medical malpractice action, for the purposes of the long-arm

statute, "the injury occurs where the malpractice took place" (*O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 202 [1st Dept 2003]), and it is undisputed that the alleged malpractice here occurred in Connecticut.

Discovery on the jurisdictional issue is not warranted, as plaintiff has failed to make a "sufficient start" in demonstrating the existence of long-arm jurisdiction over defendant (*cf. Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *see SunLight Gen. Capital LLC v CJS Invs. Inc.*, 114 AD3d 521, 522 [1st Dept 2014]).

Based on the foregoing determination, it is unnecessary to determine whether New York is a convenient forum. Concur—Tom, J.P., Saxe, Feinman, Clark and Kapnick, JJ.