■ LESLIE VENEGAS, Respondent, v CAPRIC CLINIC, Defendant, and OLEG ANTONOV, M.D., Appellant. [47 NYS3d 13]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered February 24, 2016, which, upon granting reargument, adhered to an order, same court and Justice, entered October 26, 2015, denying defendant doctor's motion to dismiss the complaint for lack of personal jurisdiction and denying plaintiff's cross motion for leave to conduct jurisdictional discovery, unanimously modified, on the law, to deny the doctor's motion without prejudice to renewal following the completion of discovery concerning jurisdiction over the doctor, and otherwise affirmed, without costs. Appeal from order entered October 26, 2015, unanimously dismissed, without costs, as academic.

In opposition to the doctor's showing of the lack of personal

jurisdiction over him (*see Minella v Restifo*, 124 AD3d 486 [1st Dept 2015]), plaintiff made a "sufficient start" to warrant discovery concerning whether the doctor has jurisdictional contacts with the State of New York sufficient to support the exercise of jurisdiction under CPLR 302 (a) (1) (*Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *American BankNote Corp. v Daniele*, 45 AD3d 338, 340 [1st Dept 2007]; CPLR 3211 [d]). Although the website information submitted by plaintiff is, by itself, insufficient to meet his ultimate burden of establishing jurisdiction (*see Paterno v Laser Spine Inst.*, 24 NY3d 370, 377 [2014]; *Minella*, 124 AD3d at 486; *see generally Lamarr v Klein*, 35 AD2d 248, 250 [1st Dept 1970], *affd* 30 NY2d 757 [1972]), the statements on the website boasting that the doctor has provided medical treatment in New York for the last 14 years directly contradict the doctor's claims that he has never provided any medical treatment in New York.

Because the doctor averred that he only treated plaintiff in Pennsylvania, and plaintiff submitted no evidence disputing that sworn statement, any injury suffered by plaintiff occurred in Pennsylvania, where the malpractice took place (*Paterno*, 24 NY3d at 381; *Minella*, 124 AD3d at 486-487). Therefore, to the extent plaintiff alternatively relies on CPLR 302 (a) (3) (i), he failed to make a sufficient start in showing jurisdiction under that provision (*id.*).

Supreme Court's reliance on cases concerning "conspiracy jurisdiction" (*see e.g. Lawati v Montague Morgan Slade Ltd.*, 102 AD3d 427 [1st Dept 2013]) is misplaced and does not support the exercise of jurisdiction over the doctor in this case. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Kahn, JJ.