Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC (2018 NY Slip Op 02903)





Wimbledon Fin. Master Fund, Ltd. v Weston Capital Mgt. LLC


2018 NY Slip Op 02903


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kahn, Kern, Singh, JJ.


653468/15 6396 6395

[*1]Wimbledon Financing Master Fund, Ltd., Plaintiff-Respondent,
v
Weston Capital Management LLC, et al., Defendants, Leonard De Waal, et al., Defendants-Appellants.


Kudman Trachten Aloe, LLP, New York (Paul H. Aloe of counsel), for appellants.
Kaplan Rice LLP, New York (Michelle A. Rice of counsel), for respondent.



Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 18, 2017 and August 1, 2017, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Leonard De Waal and Arie Bos (defendants) to dismiss the amended complaint as against them in its entirety pursuant to CPLR 3211(a)(1), (3), (7), and (8), unanimously modified, on the law, to dismiss the cause of action for unjust enrichment, and otherwise affirmed, without costs.
We take judicial notice of the since-filed second amended complaint, and defendants' motion to dismiss the breach of fiduciary duty and aiding and abetting breach of fiduciary duty causes of action in the second amended complaint, which have been repleaded. Ordinarily, service of the second amended complaint, which takes the place of the amended complaint, would render the instant appeal from the order based on the first amended complaint academic (100 Hudson Tenants Corp. v Laber, 98 AD2d 692 [1st Dept 1983]; see also Federated Project & Trade Fin. Core Fund v Amerra Agri Fund, LP, 106 AD3d 467 [1st Dept 2013]). However, the parties have charted their own course by proceeding as if the instant appeal is not rendered moot, and we address all but the arguments pertaining to the since-repleaded breach of fiduciary duty and aiding and abetting breach of fiduciary duty causes of action (Guibor v Manhattan Eye, Ear & Throat Hosp., 56 AD2d 359, 361 [1st Dept 1977], affd 46 NY2d 736 [1978]; see Cullen v Naples, 31 NY2d 818, 820 [1972]).
The Supreme Court properly concluded that defendants are subject to jurisdiction under New York's long-arm statute because they were part of a conspiracy that involved the commission of tortious acts in New York (CPLR 302[a][2]; Lawati v Montague Morgan Slade Ltd., 102 AD3d 427, 428 [1st Dept 2013]; see also LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 217-219 [2000]). Defendants were directors on Gerova's board during most of the time when Gerova was involved in a fraudulent scheme. The amended complaint details the conspiracy to commit fraud using Gerova, the agreements between Gerova and Weston board members and insiders, among others, to loot Wimbledon, and Wimbledon's resulting insolvency (see 1766-68 Assoc., LP v City of New York, 91 AD3d 519, 520 [1st Dept 2012]). Although defendants did not reside or do business in New York, other Gerova defendants were in New York or interacted regularly with New York, including one of the masterminds of the fraudulent scheme, John Galanis. Regarding their overt acts in furtherance of the conspiracy, defendants' approval of a Gerova proxy statement on which they are listed and which seeks approval of the sham acquisition of a reinsurance company, their receipt of "hush money" to ignore certain red flags at Gerova, and their failure to correct misrepresentations or disclose material information to the [*2]public sufficed at this stage. Although defendants did not mastermind the conspiracy, their receipt of "hush money" allows the reasonable inference that they exerted "control" to the extent that the fraud could not have been accomplished without their acquiescence to the proxy and other misconduct (Lawati at 428-429; see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487-488 [1st Dept 2017]).
The Supreme Court correctly found that plaintiff had standing to bring the fraud claim because it alleged that it was the target of the conspiracy and sued directly to recover damages for the looting and theft of its assets (see generally Yudell v Gilbert, 99 AD3d 108, 114 [1st Dept 2012]; Gordon v Credno, 102 AD3d 584, 585 [1st Dept 2013]).
To the extent that plaintiff alleges that de Waal and Bos were aware of misrepresentations and omissions in the Gerova proxy statement, knew but failed to disclose to Wimbledon or its investors that Galanis, who was prohibited from serving as an officer or director, controlled Gerova, and knew that Gerova was functionally insolvent, the complaint adequately pleads fraud with the requisite particularity (Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135-136 [1st Dept 2014]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]; see also CPLR 3016[b]). Even if defendants did not themselves include the misrepresentations in the public filings, one can rationally infer that as Gerova directors, they knew of the falsity of facts therein, did not disclose material information, and allowed the misrepresentations to be publicly stated (Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 99 [1st Dept 2003]; see AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446 [1st Dept 2013]).
Moreover, the fraud claim was timely asserted, and there is no basis to conclude, as defendants urge, that Florida's four-year statute of limitations applies merely because Florida is purportedly the principal place of business of defendant Weston Capital Asset Management LLC (WCAM) and the residence of WCAM's founder, Albert Hallac (see CPLR 202, 213[8]; Salzmann v Prudential Sec. Inc., 1994 WL 191855, *4 [SD NY, May 16, 1994, No. 91-CIV-4253(KTD)]). Defendants do not suggest that plaintiff's assets were located in or channeled through Florida accounts or that any relevant meetings or other conduct occurred in Florida. Moreover, plaintiff alleges that its assets were stolen from New York bank accounts and New York is thus where the economic loss occurred.
In alleging unjust enrichment, the amended complaint merely repeats all of the allegations pertaining to the fraud, and alleges that defendants "financially benefitted from their participation in the fraud." The complaint does not seek any specific damages in connection with the unjust enrichment cause of action, as opposed to the fraud cause of action. Accordingly, the unjust enrichment cause of action should have been dismissed (American Mayflower Life Ins. Co. of N.Y. v Moskowitz, 17 AD3d 289, 293 [1st Dept 2005]).
Since plaintiff sufficiently alleged fraudulent inducement in entering into a settlement agreement which contained a written release of claims against defendants, which would appear to cover de Waal and Bos (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC, 19 AD3d 273, 275 [1st Dept 2005]), the court correctly observed that the release did not warrant dismissal of the complaint, as a release procured by fraud is not enforceable (see Mangini v McClurg, 24 NY2d 556, 563 [1969]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK