Concotilli v Brown (2019 NY Slip Op 00053)





Concotilli v Brown


2019 NY Slip Op 00053


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8020 155423/16

[*1]Corrine Concotilli, doing business as Black Arrow Press, Plaintiff-Appellant,
v
Scot Brown, Defendant-Respondent.


Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville (Nathan M. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered July 11, 2017, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly found that it lacked personal jurisdiction over defendant pursuant to CPLR 302(a)(1). Plaintiff failed to provide any evidence that defendant purposefully transacts business within the state, as required by statute, or that there is a connection between defendant's transactions and the alleged defamatory statement at issue (SPCA of Upstate NY, Inc. v American Working Collie, 18 NY3d 400, 404 [2012]; Copp v Ramirez, 62 AD3d 23, 28 [1st Dept 2009], lv denied 12 NY3d 711 [2009]). Defendant is an Arizona resident who does not own property, live, or conduct business in New York, other than his work as managing member of an Arizona LLC, which sells holistic supplies over the internet (see Minella v Restifo, 124 AD3d 486 [1st Dept 2015]). The alleged defamatory statement was posted on the Arizona LLC website, and plaintiff has not produced evidence to connect it to defendant, or otherwise meet the requirements of CPLR 302(a)(1).
Having failed to submit more that bare allegations in opposition to defendant's motion, we reject plaintiff's request for discovery on the jurisdictional issue (Minella, 124 AD3d at 487).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK