Greenbacker Residential Solar LLC v OneRoof Energy, Inc. (2019 NY Slip Op 05487)





Greenbacker Residential Solar LLC v OneRoof Energy, Inc.


2019 NY Slip Op 05487


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9830 656717/17

[*1]Greenbacker Residential Solar LLC., Plaintiff-Respondent,
v
OneRoof Energy, Inc., et al., Defendants, Dalton William Sprinkle, Defendant-Appellant.


Pierce Bainbridge Beck Price & Hecht LLP, New York (Aaron J. Gold of counsel), for appellant.
Law Office of Mark E. Goidell, Garden City (Mark E. Goidell of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 27, 2018, which denied defendant Dalton William Sprinkle's motion to dismiss the complaint as against him for lack of personal jurisdiction, without prejudice, and for failure to state a claim, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The complaint fails to state a cause of action as against Sprinkle for tortious interference with contract, because there is no allegation that Sprinkle personally benefitted from the corporations' alleged breach of contract; the only benefit he is alleged to have received is his salary from the corporations (see G.D. Searle & Co. v Medicore Communications, Inc., 843 F Supp 895, 912 [SD NY 1994]).
Plaintiff failed to make a sufficient start on a showing of jurisdiction over Sprinkle to entitle it to jurisdictional discovery (see Venegas v Capric Clinic, 147 AD3d 457, 458 [1st Dept 2017]). Because the conduct complained of involved the diversion of funds from outside New York to recipients outside New York, the "critical events," and thus the situs of injury, were not in New York (see Deutsche Bank AG v Vik, 163 AD3d 414, 415 [1st Dept 2018]; CPLR 302[a][3][ii]). Moreover, plaintiff does not allege that Sprinkle received substantial revenue from interstate or international commerce (see CPLR 302[a][3][ii]). Because Sprinkle did not personally benefit from the breach of contract, the corporations' contacts with New York cannot be imputed to him (see Charles Schwab Corp. v Bank of Am. Corp., 883 F3d 68, 85 [2d Cir 2018]).
Nor can Sprinkle be said to have "reasonably expected" his actions to have consequences in New York (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214—215 [2000]; CPLR 302[a][3][ii]), as he neither did anything to avail himself of New York nor took any steps to [*2]project himself into New York. Given that Sprinkle had no contact with New York and did not purposefully avail himself of New York, the constitutional guarantee of due process bars New York courts from exercising personal jurisdiction over him.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK