Fouad v Milton Hershey Sch. & Sch. Trust (2024 NY Slip Op 05403)

Fouad v Milton Hershey Sch. & Sch. Trust

2024 NY Slip Op 05403

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Index No. 155743/18 Appeal No. 2939 Case No. 2024-02729 

[*1]F. Frederic Fouad, Plaintiff-Respondent-Appellant,
v
The Milton Hershey School and School Trust, et al., Defendants-Appellants-Respondents.

Saul Ewing LLP, New York (Stephanie L. Denker of counsel), Saul Ewing LLP, Philadelphia, PA (Alexander R. Bilus of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), and Allman Kelly & Willner LLC, Paoli, PA (Michael J. Willner of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for The Milton Hershey School and School Trust, Peter Gurt, Ralph Carfagno, Robert Heist, Velma Redmond, David Saltzman, James C. Katzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, Jan Loeffler Bergen and Andrew S. Cline, appellants-respondents.
Zuckerman Gore Brandeis & Crossman, LLP, New York (John K. Crossman of counsel), for Elliot Greenleaf P.C. and Jarad W. Handelman, appellants-respondents.
Smith Buss & Jacobs, LLP, Yonkers (Jeffrey D. Buss of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered March 26, 2024, which, insofar as appealed from, denied the motion of defendants Elliot Greenleaf P.C. and Jarad W. Handelman to dismiss the complaint without prejudice and without leave to replead, denied the motion of defendants Milton Hershey School, Peter Gurt, Ralph Carfagno, Robert Heist, Velma Redmond, David Saltzman, James C. Katzman, James W. Brown, M. Diane Koken, James M. Mead, Melissa L. Peeples-Fullmore, Jan Loeffler Bergen, and Andrew Cline to the extent it sought to dismiss the complaint but granted the motion to the extent of dismissing Andrew Cline from the action for lack of personal jurisdiction, and granted plaintiff's motion for leave to amend the complaint and file a second amended complaint to the extent of permitting a single claim of intentional infliction of emotional distress to be added against the remaining defendants, unanimously modified, on the law, to deny plaintiff's motion for leave to amend and file a second amended complaint and to grant defendants' motions to dismiss the complaint in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
The original complaint does not contain any allegations of tortious acts in New York by defendants or by agents that could provide personal jurisdiction over defendants under CPLR 302(a)(2). In addition, allegations of conduct that occurred after the filing of the complaint — namely, an alleged break-in by a nonparty purportedly controlled by Elliot Greenleaf P.C. and Jarad W. Handelman — may not be considered to support the existence of personal jurisdiction (see e.g. Byun v Amuro, 2011 WL 10895122, *1 n 2, 2011 US Dist Lexis 100472, *2 n 2 [SD NY, Sept. 6, 2011, No. 10 Civ 5417 (DAB)]).
The failure to allege jurisdiction in the initial operative pleading is a defect that cannot properly be remedied by an amended pleading. Because the original pleading was devoid of proper jurisdictional allegations, the amended pleading here would not merely supplement an adequate prima facie jurisdictional showing with more detailed allegations giving the court jurisdiction over the defendants at the time the pleading was filed. Plaintiffs' proposed amended pleading is based entirely on allegations of post-commencement New York-based activities allegedly attributable to the defendants. This was inadequate to assert jurisdiction that was otherwise nonexistent.
In any event, we find that the allegations in the second amended complaint concerning the alleged break-in by a nonparty do not, as pleaded, suffice to establish personal jurisdiction over the out-of-state defendants with respect to the intentional infliction of emotional distress claim. Even if there were allegations sufficient to allege defendants' joint participation in an enduring conspiracy to harass plaintiff (see Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 76 [1st Dept 2024]; Lawati v [*2]Montague Morgan Slade Ltd., 102 AD3d 427, 429 [1st Dept 2013]), the proposed pleading contains only conclusory allegations that defendants knew of, directed, controlled, or provided support for the break-in, and such allegations are insufficient to make the prima facie jurisdictional showing (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 33-36 [1st Dept 2023]).
To the extent there was a proper jurisdictional basis for the assertion of a claim against New York-based defendant David Saltzman, or for any of the other claims asserted in the original complaint or in the proposed amended complaint, we further find that other causes of action are all subject to dismissal for failure to state a cause of action (CPLR 3211[a][7]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024