477 Realty, L.L.C. v Wing Soho, LLC (2025 NY Slip Op 00146)

477 Realty, L.L.C. v Wing Soho, LLC

2025 NY Slip Op 00146

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 653418/23 Appeal No. 3450 Case No. 2024-01621 

[*1]477 Realty, L.L.C., Plaintiff-Respondent,
v
The Wing Soho, LLC, et al, Defendants, IWG PLC, Doing Business as Regus, Regus Group, et al. Defendants-Appellants.

Lynn Pinker Hurst & Schwegmann, LLP, Dallas, TX (Eric W. Pinker of the bar of the State of Texas, admitted pro hac vice of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J., Adams, J.), entered on or about February 27, 2024, which denied defendants IWG PLC and RCI Capital Holdings Limited's motion to dismiss the complaint as against them, unanimously modified, on the law, to deny the motion without prejudice to renew following discovery concerning personal jurisdiction over IWG and RCI, and otherwise affirmed, without costs.
Plaintiff landlord commenced this action to recover an unpaid default judgment entered against former tenant, defendant The Wing Soho, LLC and The Wing's owner and guarantor of the lease, defendant Refresh Club, Inc. The Wing had been in the business of providing a professional remote work space until it closed in August 2022. Defendant IWG was a competing supplier of remote professional work spaces and, in 2021, it formed a subsidiary, defendant RCI, for the special purpose of acquiring a controlling interest in The Wing. IWG allegedly then took over The Wing's operations and fraudulently transferred The Wing's assets to itself, leaving The Wing with insufficient funds to continue its business operations. Plaintiff alleges IWG's fraudulent transfer and receipt of The Wing's assets, without equal value given in exchange, interfered with its contractual right to receive the rent The Wing owed on its long-term lease with plaintiff. IWG had made payments towards The Wing's rent until The Wing closed in August 2022. IWG and RCI are foreign entities, and they contend that plaintiff has not demonstrated that they have minimum contacts with New York to be made subject to its jurisdiction.
Plaintiff has made a "sufficient start" in demonstrating the existence of personal jurisdiction over IWG and RCI (Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 74 [1st Dept 2024]; Matter of James v iFinex Inc., 185 AD3d 22, 30-31 [1st Dept 2020] [internal quotation marks omitted]). Plaintiff 's factual allegations and documentary evidence, including information from IWG's website statement and news articles, support a reasonable inference based on this limited record that IWG has purposefully transacted business within the state and there is a substantial relationship between the transaction and the claims asserted (see CPLR 302[a][1]; Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 486 [1st Dept 2017]). IWG's affiliate, RCI, executed a stock purchase agreement to acquire a controlling interest in The Wing, which was, at the time, a profitable business.
Plaintiff's factual allegations, documentary evidence, and reasonable inferences drawn therefrom also support a prima facie claim of personal jurisdiction over IWG and RCI under, inter alia, CPLR 302(a)(4), inasmuch as IWG's business, and that of The Wing, involved the use and/or possession of real property in New York in its operations to provide remote flexible work space. Plaintiff also made a sufficient showing that there are facts that might give rise to alter ego jurisdiction to warrant [*2]jurisdictional discovery (see Taxi Medallion Loan Trust III v Brown Eyes Cab Corp., 206 AD3d 486, 487 [1st Dept 2022]; Starr Russia Invs. III B.V. v Deloitte Touche Tohumatsu Ltd., 169 AD3d 421, 422 [1st Dept 2019]). Accordingly, the court should not have denied the motion to dismiss outright, but only to the extent of denying it without prejudice to renew following the completion of jurisdictional discovery (see Venegas v Capric Clinic, 147 AD3d 457 [1st Dept 2017]).
As to the branch of IWG/RCI's motion to dismiss plaintiff's claims for failure to state a cause of action, we find that all the claims are sufficiently pleaded (see Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 5-6 [2013]).
The first two causes of action allege fraudulent conveyances of The Wing's assets to IWG/RCI for little or no consideration, which consequently hindered plaintiff's ability to collect the outstanding rent due from The Wing, and especially because The Wing soon thereafter closed its business with debts that exceeded its assets (see Debtor and Creditor Law §§ 273, 274; see also e.g. Parsons & Whittemore v Abady Luttati Kaiser Saurborn & Mair, 309 AD2d 665 [1st Dept 2003]). At this juncture, because the facts to support these claims are within the exclusive knowledge of defendants, plaintiff may allege upon information and belief that defendants transferred assets for inadequate or no consideration (see Parsons & Whittemore, 309 AD2d at 665).
Plaintiff's allegations, documentary evidence in the form of correspondence from IWG's representatives, as well as reasonable inferences drawn therefrom, sufficiently allege an alter ego relationship between IWG and RCI, The Wing and Refresh. Plaintiff alleges IWG dominated RCI, The Wing and Refresh by disregarding corporate formalities, causing The Wing to be undercapitalized by intermingling funds and not treating The Wing as an independent profit center (cf. Cortlandt St. Recovery Corp. v Bonderman, 226 AD3d 103, 105 [1st Dept 2024]).
Plaintiff also sufficiently alleges that IWG and RCI were unjustly enriched by the fraudulent transfers of The Wing's assets to defendants at plaintiff's expense, and that in equity and good conscience defendants should not reap the benefits of the wrongful transfers (see Georgia Malone & Co., Inc. v Reider, 19 NY3d 511, 516 [2012]). Plaintiff had a sufficiently close relationship with IWG and The Wing to support its claim for unjust enrichment, as plaintiff dealt directly with IWG to receive its rent payments and IWG assumed the obligation to pay on The Wing's behalf through its payment system. The injunctive relief sought by plaintiff was for the purpose of, among other things, precluding defendants from transferring funds to dissipate assets (see Ocelot Capital Mgt., LLC v Hershkovitz, 90 AD3d 464, 466 [1st Dept 2011]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025