Ovaskainen v Ovaskainen (2025 NY Slip Op 06817)

Ovaskainen v Ovaskainen

2025 NY Slip Op 06817

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 157851/23|Appeal No. 5327|Case No. 2024-02644|

[*1]Jari Juhani Rainer Ovaskainen, Plaintiff-Appellant,
v
Maarit Ovaskainen, Defendant-Respondent.

Morrison Cohen LLP, New York (Christopher Milito of counsel), for appellant.
Rottenstreich Farley Bronstein Fisher Potter Hodas LLP, New York (Michael B. Smith of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered April 16, 2024, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
In this defamation action, plaintiff failed to make a prima facie showing of long-arm jurisdiction over defendant, as he provided no evidence that defendant purposefully transacted business within the state (see CPLR 302[a][1]; SPCA of Upstate N.Y., Inc. v American Working Collie Assn., 18 NY3d 400, 404 [2012]; Concotilli v Brown, 168 AD3d 426 [1st Dept 2019]). Defendant averred that she is a citizen of Finland with a permanent residence in England, and does not own property, live, or conduct business in New York. Further, the allegedly defamatory statements were made in connection with a Cayman Islands action that sought to enforce a divorce award obtained in Switzerland (see Minella v Restifo, 124 AD3d 486, 486-487 [1st Dept 2015]). In opposition, plaintiff provided no factual support for his allegation that defendant transacted business within the state, thus we need not consider whether there was a connection between defendant's business in the state and the allegedly defamatory statements (see Copp v Ramirez, 62 AD3d 23, 28 [1st Dept 2009], lv denied 12 NY3d 711 [2009]).
Discovery on the jurisdictional issue is not warranted, as plaintiff failed to make a "sufficient start" in demonstrating the existence of long-arm jurisdiction (Minella v Restifo, 124 AD3d 486, 487 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025