■ MUTUAL BENEFITS OFFSHORE FUND, Plaintiff, v EMANUEL ZELTSER et al., Defendants. STERNIK & ZELTSER et al., Counterclaim Plaintiffs-Appellants, v TRIANGLE INTERNATIONAL MANAGEMENT, LTD., et al., Counterclaim Defendants-Respondents, et al., Additional Counterclaim Defendants. [37 NYS3d 1]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered September 24, 2014, which granted counter-

claim defendants-respondents' motion to dismiss the amended verified counterclaims with prejudice and denied defendants/counterclaim plaintiffs' cross motion for, among other things, leave to use alternate forms of service, unanimously affirmed, with costs.

A counterclaim must assert a cause of action against the plaintiff (*Ruzicka v Rager*, 305 NY 191, 196 [1953]; *see also New York Ind. Centre Corp. v National Biscuit Co.*, 14 AD2d 761, 761 [1st Dept 1961]). Although the original counterclaims in this action named plaintiff as a counterclaim defendant, the amended counterclaims, which are the operative pleadings (*see e.g. Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 99 [1st Dept 2012]), do not. While a counterclaim may be made against "a person whom a plaintiff represents" (CPLR 3019 [a]), plaintiff is not a representative, executor, or administrator of any of the counterclaim defendants (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 3019.09 [2d ed 2016]). Accordingly, the motion court correctly dismissed the counterclaims with prejudice.

Given the procedural requirements for a third-party action (*see* CPLR 1007), the motion court properly declined to convert the amended counterclaims into third-party claims. As the motion court noted, however, dismissal of the counterclaims does not preclude defendants/counterclaim plaintiffs from bringing a third-party action.

The motion court correctly denied defendants/counterclaim plaintiffs' request, made in their reply brief on their cross motion, for leave to use alternative forms of service under CPLR 311 (b). To the extent this Court held otherwise in *Sardanis v Sumitomo Corp.* (279 AD2d 225 [1st Dept 2001]), we now join our sister Departments and hold that service of process by mail "directly to persons abroad" is authorized by article 10 (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 5568 [1969] [Hague Convention]), so long as the destination state does not object to such service (*New York State Thruway Auth. v Fenech*, 94 AD3d 17 [3d Dept 2012]; *Fernandez v Univan Leasing*, 15 AD3d 343 [2d Dept 2005]; *Rissew v Yamaha Motor Co.*, 129 AD2d 94 [4th Dept 1987]). Because the destination states of counterclaim defendants Triangle International Management, Ltd., Meridian Asset Management Ltd., and Amicorp Curacao BV do not object to such service, there is no need for alternate service under CPLR 311 (b). Switzerland, the destination state (or state of incorporation) for counterclaim defendants Investarit AG and Mutual Trust, has objected to article 10 (a) of the Hague Convention.

Therefore, the only way to serve those parties is through the "central authority" that Switzerland has established pursuant to the Convention (*New York State Thruway*, 94 AD3d at 19). It would not be proper to serve third-party claims on Mutual Trust and Investarit AG pursuant to Business Corporation Law § 307, because that would violate the Convention (*see Low v Bayerische Motoren Werke, AG.*, 88 AD2d 504, 505 [1st Dept 1982]). Nor have defendants/counterclaim plaintiffs shown that service through Switzerland's central authority would be too costly or otherwise "impracticable" (CPLR 311 [b]).

We have considered defendants/counterclaim plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ. ▮