■ WELLS FARGO BANK, N.A., Successor by Merger to WACHOVIA MORTGAGE FSB, Formerly Known as WORLD SAVINGS BANK, FSB, Plaintiff, v ANGELA DECESARE, Appellant, et al., Defendant. [48 NYS3d 497]—

In an action to foreclose a mortgage, the defendant Angela DeCesare appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered March 24, 2016, which denied her unopposed motion pursuant to CPLR 5015 (a) (4) to vacate an order of reference of the same court dated October 21, 2014, entered upon her failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.

Ordered that the order entered March 24, 2016, is reversed, on the law, with costs, the motion of the defendant Angela DeCesare pursuant to CPLR 5014 (a) (4) to vacate the order of reference dated October 21, 2014, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is granted, and the order of reference dated October 21, 2014, is vacated.

The plaintiff commenced this action to foreclose a mortgage on property owned by the defendant Angela DeCesare and obtained an order of reference upon DeCesare's failure to appear or answer the complaint. Thereafter, DeCesare moved pursuant to CPLR 5015 (a) (4) to vacate the order of reference and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, asserting that she was never served with the summons and complaint. The plaintiff did not oppose the motion. The Supreme Court denied the motion.

The detailed and specific evidence submitted by DeCesare in support of her motion was sufficient to rebut the allegations contained in the process server's affidavit of service, thereby shifting the burden of proof to the plaintiff to establish jurisdiction at a hearing by a preponderance of the evidence (*see Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]). However, because the plaintiff, which was well aware of the existence of the motion, elected not to file any opposition papers, no hearing was required, and the Supreme Court should have granted DeCesare's unopposed motion and vacated

the order of reference (*see Walter v Jones, Sledzik, Garneau & Nardone, LLP*, 67 AD3d 671 [2009]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.