■ HEIDI VOELKER, Respondent, v BODUM USA, INC., et al., Defendants, and BODUM AG, Appellant. [50 NYS3d 283]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 9, 2016, which granted plaintiff's motion for entry of a default judgment as to liability against defendant Bodum AG, unanimously affirmed, without costs.

In support of her motion for a default judgment, plaintiff demonstrated that she properly served Bodum AG, a foreign corporation not authorized to do business in New York, through the Central Authority established by Switzerland pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS No. 6638 [1969]) (*see Mutual Benefits Offshore Fund v Zeltser*, 140 AD3d 444, 445-446 [1st Dept 2016]). The Central Authority returned a completed certificate of service, which plaintiff filed in court, and which provides "prima facie evidence that the Central Authority's service on [Bodum AG]

was made in compliance with the convention" (*Unite Natl. Retirement Fund v Ariela, Inc.*, 643 F Supp 2d 328, 334 [SD NY 2008]; *see also Kulpa v Jackson*, 3 Misc 3d 227, 233-235 [Sup Ct, Oneida County 2004]). Bodum AG failed to rebut that evidence. Since the Hague Convention applies, Bodum AG's arguments concerning compliance with provisions of New York State law are irrelevant (*see Aspinall's Club v Aryeh*, 86 AD2d 428, 433-434 [2d Dept 1982]).

Plaintiff's verified complaint and affidavit of merits set forth "enough facts to enable [the] court to determine that a viable" strict products liability claim exists against Bodum AG (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; CPLR 3215 [f]), based on allegations that Bodum AG manufactured a defective French press coffeemaker that exploded when used, causing injury to plaintiff. Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.