■ HSBC Mortgage Corporation (USA), Respondent, v Judy G. Dickerson, Appellant, et al., Defendants. [55 NYS3d 150]—

In an action to foreclose a mortgage, the defendant Judy G. Dickerson appeals from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated October 30, 2014, which denied, without a hearing, her motion, in effect, to vacate a judgment of foreclosure and sale of the same court entered November 18, 2013, upon her default in appearing or answering the complaint, and to set aside the foreclosure sale held pursuant thereto.

Ordered that the order dated October 30, 2014, is affirmed, without costs or disbursements.

The plaintiff commenced this action against, among others, the defendant Judy G. Dickerson (hereinafter the defendant) to foreclose a mortgage. The defendant allegedly was personally served with process in October 2008, pursuant to CPLR 308 (1), and failed to appear or answer the complaint. On November 18, 2013, the Supreme Court entered a judgment of foreclosure and sale upon the defendant's default. A foreclosure sale was held on February 27, 2014. Thereafter, the defendant moved, in effect, to vacate the judgment of foreclosure and sale and to set aside the foreclosure sale held pursuant thereto on the ground that the court lacked personal jurisdiction due to failure to serve process.

"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]; *see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (*U.S. Bank,*

*N.A. v Peralta*, 142 AD3d 988, 988-989 [2016]; *see Citibank, N.A. v Balsamo*, 144 AD3d 964 [2016]; *U.S. Bank, N.A. v Tauber*, 140 AD3d 1154, 1155 [2016]). "A hearing is not required where the defendant fails to 'swear to specific facts to rebut the statements in the process server's affidavits' " (*U.S. Bank, N.A. v Peralta*, 142 AD3d at 989, quoting *Simonds v Grobman*, 277 AD3d 369, 370 [2000]). Here, contrary to the defendant's contention, her submissions in support of the motion were insufficient to defeat the presumption of proper service created by the process server's affidavit. Accordingly, the defendant's motion was properly denied without a hearing. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.