Mileski v MSC Indus. Direct Co., Inc. (2018 NY Slip Op 01460)





Mileski v MSC Indus. Direct Co., Inc.


2018 NY Slip Op 01460


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2014-11031
2015-04222
2015-11160
 (Index No. 10391/09)

[*1]Drena Mileski, etc., plaintiff-respondent, 
v
MSC Industrial Direct Co., Inc., defendant third-party plaintiff-respondent-appellant, et al., defendants; Buffalo Machinery Co., Ltd., third-party defendant- appellant-respondent, et al., third-party defendant.


Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for third-party defendant-appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John B. Martin, Melissa McCarthy, and Eliza M. Scheibel of counsel), for defendant third-party plaintiff-respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., (1) the third-party defendant Buffalo Machinery Co., Ltd., appeals from stated portions of an order of the Supreme Court, Suffolk County (Mayer, J.), entered September 18, 2014, which, among other things, denied that branch of its motion which was pursuant to CPLR 306-b to dismiss the third-party complaint insofar as asserted against it on the grounds that the defendant third-party plaintiff failed to timely serve it with process and that the Supreme Court had improperly resettled, in an order dated November 19, 2011, a prior order dated December 20, 2010, to include a provision extending the deadline for the defendant third-party plaintiff to serve it with process, and denied the plaintiff's cross motion for leave to amend the pleadings to assert a direct claim against it without prejudice to renew, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion pursuant to CPLR 306-b and CPLR 311(b) to extend the time to serve the third-party complaint on the third-party defendant Buffalo Machinery Co., Ltd., and for leave to effectuate such service by alternate means, (2) the third-party defendant Buffalo Machinery Co., Ltd., appeals from an order of the same court entered March 6, 2015, which directed a hearing to determine the validity of service of process upon it and denied that branch of its motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it based on lack of personal jurisdiction without prejudice to renew upon the completion of discovery on the issue of whether personal jurisdiction over it may be established, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as directed a hearing to determine the validity of service of process upon the third-party defendant Buffalo Machinery Co., Ltd., and (3) the defendant third-party plaintiff appeals from an order and judgment (one paper) of the same court entered October 7, 2015, which, after a hearing, granted that branch of the motion of the third-party defendant Buffalo Machinery Co., Ltd., which was to dismiss the third-party complaint insofar as asserted against it based on improper service, which motion the court had [*2]converted into a motion for summary judgment, and, in effect, dismissed the third-party complaint insofar as asserted against the third-party defendant Buffalo Machinery Co., Ltd.
ORDERED that the appeals and the cross appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment is reversed, on the law, that branch of the motion of the third-party defendant Buffalo Machinery Co., Ltd., which was to dismiss the third-party complaint insofar as asserted against it based on improper service, which motion the court converted into a motion for summary judgment, is denied, the third-party complaint is reinstated insofar as asserted against the third-party defendant Buffalo Machinery Co., Ltd., and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff.
The appeals and cross appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals and cross appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
In March 2009, the plaintiff, Drena Mileski, individually and as administrator of the estate of her deceased husband, commenced this wrongful death action against MSC Industrial Direct Co., Inc. (hereinafter MSC), alleging that MSC manufactured, designed, sold, and distributed a lathe machine which caused her husband's death during the course of his employment with Deer Park Hydraulics & Packing Co., Inc. (hereinafter Deer Park; see Mileski v MSC Indus. Direct Co., Inc., 138 AD3d 797). In May 2010, MSC commenced a third-party action against Deer Park and Buffalo Machinery Co., Ltd. (hereinafter Buffalo), a Taiwanese company with its principal place of business in Taiwan.
Legal Language Services, a company retained by MSC to facilitate service upon Buffalo in Taiwan, forwarded a certificate of service of the Taiwan Taichung District Court and accompanying documents to MSC indicating that service was timely effectuated on Buffalo on March 19, 2012. Within 60 days after filing an answer to the third-party complaint, which contained affirmative defenses of lack of personal jurisdiction and improper service of process, Buffalo moved to dismiss the third-party complaint insofar as asserted against it. Buffalo sought dismissal pursuant to CPLR 306-b on the ground of untimely service of process, and also pursuant to CPLR 3211(a)(8), arguing both that service was improper and a lack of personal jurisdiction based on its lack of ties to New York. The Supreme Court denied the motion on the ground that Buffalo failed to comply with the court's part rules, without prejudice and with leave to resubmit after full compliance with the court's part rules. Buffalo subsequently resubmitted its motion.
In an order entered September 18, 2014, the Supreme Court denied that branch of Buffalo's motion which was to dismiss pursuant to CPLR 306-b, converted that branch of Buffalo's motion which was to dismiss pursuant to CPLR 3211(a)(8) into a summary judgment motion, and denied a cross motion by MSC for an extension of time to serve the third-party complaint upon Buffalo and for leave to serve Buffalo by alternate means. Thereafter, by order entered March 6, 2015, the court directed a hearing to determine the validity of service of process and denied that branch of Buffalo's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it based on lack of personal jurisdiction without prejudice to renew after finding issues of fact as to the applicability of CPLR 302(a)(3)(ii). By order and judgment entered October 7, 2015, the court, after a hearing, granted that branch of Buffalo's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it based on improper service, and, in effect, dismissed the third-party complaint insofar as asserted against it. Buffalo appeals and MSC cross-appeals from the orders entered September 18, 2014, and March 6, 2015, respectively, and MSC appeals from the order and judgment entered October 7, 2015.
The Supreme Court properly denied that branch of Buffalo's motion which was to dismiss the third-party complaint insofar as asserted against it pursuant to CPLR 306-b. Contrary to Buffalo's contention, the court correctly determined that it had properly resettled, in an order dated November 19, 2011, a prior order of that court dated December 20, 2010, granting MSC's motion seeking the execution of letters rogatory to serve Buffalo in Taiwan so as to include a provision extending the deadline for service (see CPLR 2221; Simon v Mehryari, 16 AD3d 664).
Moreover, upon converting that branch of Buffalo's motion which was pursuant to CPLR 3211(a)(8) to dismiss the third-party complaint for lack of personal jurisdiction into a summary judgment motion, the Supreme Court properly denied the motion on the ground that MSC raised triable issues of fact as to whether MSC could assert personal jurisdiction over Buffalo under CPLR 302(a)(3)(ii) and properly found that MSC was entitled to discovery on the issue of personal jurisdiction (see Venegas v Capric Clinic, 147 AD3d 457; cf. Okeke v Momah, 132 AD3d 648).
MSC correctly contends that the Supreme Court should have denied that branch of Buffalo's motion which was based on improper service without conducting a hearing. The certificate of service relied upon by MSC constituted prima facie proof of proper service (see HSBC Mtge. Corp. [USA] v Dickerson, 150 AD3d 968; Voelker v Bodum USA, Inc., 149 AD3d 587; Matter of Perskin v Bassaragh, 73 AD3d 1073). Further, Buffalo did not sufficiently rebut that presumption (see Stephan B. Gleigh & Assoc. v Gritsipis, 87 AD3d 216; Kurlander v Willie, 45 AD3d 1006; Nasatir v Lenox Hill Hosp., 236 AD2d 213). Therefore, under the facts of this case, a hearing, at which the burden shifted to MSC to establish proper service by a preponderance of the evidence (see Purzak v Long Is. Hous. Servs., Inc., 149 AD3d 989; Wells Fargo Bank, N.A. v DeCesare, 148 AD3d 761), was not warranted. Accordingly, the order and judgment entered after the hearing must be reversed and the subject branch of Buffalo's motion must be denied.
The parties' remaining contentions are without merit or have been rendered academic in light of our determination.
BALKIN, J.P., LEVENTHAL, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court