JPMorgan Chase Bank, N.A. v Milgrim (2019 NY Slip Op 01399)





JPMorgan Chase Bank, N.A. v Milgrim


2019 NY Slip Op 01399


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-09878
2016-09879
 (Index No. 5656/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Eric P. Milgrim, public administrator, as temporary administrator of the estate of Leonel Escobar, etc., et al., defendants; Joel S. Charleston, as administrator of the estate of Leonel Escobar, nonparty-appellant.


Joel S. Charleston, as administrator of the estate of Leonel Escobar, North Woodmere, NY, nonparty-appellant pro se.
McCabe, Weisberg & Conway, P.C., New Rochelle, NY (Matthew S. Blum of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Joel S. Charleston, as administrator of the estate of Leonel Escobar, appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 10, 2015, and (2) an order of the same court entered December 14, 2015. The order entered December 10, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Eric P. Milgrim, public administrator, as temporary administrator of the estate of Leonel Escobar, and for an order of reference. The order entered December 14, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Eric P. Milgrim, public administrator, as temporary administrator of the estate of Leonel Escobar, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. By decision and order on motion dated October 17, 2016, this Court granted the motion of nonparty Joel S. Charleston, as administrator of the estate of Leonel Escobar, to stay all proceedings in this action pending hearing and determination of the appeals.
ORDERED that the order entered December 10, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Eric P. Milgrim, public administrator, as temporary administrator of the estate of Leonel Escobar, and for an order of reference are denied, and so much of the order entered December 14, 2015, as granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff is vacated; and it is further,
ORDERED that the appeal from the order entered December 14, 2015, is dismissed as academic in light of our determination on the appeal from the order entered December 10, 2015; and it is further,
ORDERED that one bill of costs is awarded to nonparty Joel S. Charleston, as administrator of the estate of Leonel Escobar.
The plaintiff commenced this mortgage foreclosure action by summons and verified complaint dated April 15, 2013, alleging, inter alia, that Leonel Escobar, the homeowner and mortgagor who executed the subject note and mortgage in 2006, failed to make a mortgage payment due September 1, 2009, and that neither that payment, nor any payment due thereafter, was ever made. It is undisputed that Escobar died in September 2009. The plaintiff named as a defendant Eric P. Milgrim, public administrator, as temporary administrator of Escobar's estate (hereinafter the temporary administrator).
In July 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the nonanswering defendants, including the temporary administrator, and for an order of reference. In September 2015, nonparty Joel S. Charleston, as administrator of Escobar's estate (hereinafter the estate), submitted papers in opposition to the plaintiff's motion. Charleston stated in his affirmation in opposition that, on September 7, 2010, almost three years before the plaintiff commenced this action, he had been appointed administrator of the estate, and the letters of administration issued to the temporary administrator had been revoked. In his affirmation, Charleston asked the Supreme Court to deny the plaintiff's motion, inter alia, for leave to enter a default judgment against the estate, and to dismiss the complaint insofar as asserted against the estate for lack of personal jurisdiction, on the ground that the estate had never been served with the summons and complaint. The court issued an order granting the plaintiff's motion, and a subsequent order, inter alia, appointing a referee to compute the amount due to the plaintiff. Charleston, as administrator of the estate, appeals from both orders.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to file proof of: (1) service of a copy or copies of the summons and the complaint, (2) the facts constituting the claim, and (3) the defendant's default" (Fried v Jacob Holding, Inc., 110 AD3d 56, 59; see CPLR 3215[f]).
A plaintiff may not commence an action against a dead person, "but must instead name the personal representative of the decedent's estate" (Jordan v City of New York, 23 AD3d 436, 437; see US Bank N.A. v Cadeumag, 147 AD3d 881; Krysa v Estate of Qyra, 136 AD3d 760, 761). "In order for [a] court to obtain jurisdiction over the administrator of an estate, the administrator must be served as prescribed in CPLR article 3" (GMAC Mtge. Corp. v Tuck, 299 AD2d 315, 315-316; see Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964; Macomber v Cipollina, 226 AD2d 435, 437). "[L]etters [of administration] granted by the court are conclusive evidence of the authority of the persons to whom they [were] granted" (SCPA 703[1]; see Capozzola v Oxman, 216 AD2d 509, 510).
Although the plaintiff tendered proof of service on the temporary administrator in support of that branch of its motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the estate, in opposition, Charleston submitted documentary evidence establishing that such service did not confer personal jurisdiction over the estate (see CPLR 308; SCPA 703[1]; Macchia v Russo, 67 NY2d 592, 594). Charleston submitted, inter alia, copies of Surrogate's Court documents which demonstrated that, in 2010, the temporary letters of administration that had been issued to the temporary administrator were revoked, and letters of administration were issued to Charleston upon his appointment "as Administrator of the Estate of Leonel Escobar." These documents, together with the undisputed assertions of Charleston that he was never served with the summons and complaint, established that he, not the temporary administrator, had been the administrator of the estate since long before the action was commenced, and that Charleston, and consequently, the estate, had never been served with the summons and complaint (see Wells Fargo Bank, N.A. v DeCesare, 148 AD3d 761, 761-762). Moreover, since the estate was never served, the time within which the estate had to answer the complaint, or otherwise appear in the action, never began to run (see CPLR 320[a]).
Since the estate was never served, and consequently, never defaulted, the Supreme [*2]Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the estate and for an order of reference (see Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d 683, 684).
Charleston's remaining contentions are not properly before this Court.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court