Bangladesh Bank v Rizal Commercial Banking Corp. (2023 NY Slip Op 02844)

Bangladesh Bank v Rizal Commercial Banking Corp.

2023 NY Slip Op 02844

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 652051/20 Appeal No. 341 Case No. 2022-02215 

[*1]Bangladesh Bank, Plaintiff-Appellant-Respondent,
v
Rizal Commercial Banking Corporation et al., Defendants, Bloomberry Resorts and Hotels, Inc., Doing Business as Solaire Resort & Casino, Defendant-Respondent, Eastern Hawaii Leisure Company, Ltd., Doing Business as Midas Hotel & Casino et al., Defendants-Respondents-Appellants.

Cozen O'Connor, New York (Jesse Loffler and John Sullivan of counsel), for appellant-respondent.
The Howley Law Firm, P.C., New York (John Howley of counsel), for respondents-appellants.
Milbank LLP, New York (Daniel M. Perry of counsel), for respondent.

Order, Supreme Court, New York County (Andrea P. Masley, J.), entered on or about April 8, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Bloomberry Resorts and Hotels, Inc. d/b/a Solaire Resort Casino's (BRHI) motion to dismiss the complaint as against it pursuant to CPLR 3211(a)(8), granted defendant Eastern Hawaii Leisure Co. Ltd. d/b/a Midas Hotel & Casino's (EHL) motion to dismiss the complaint as against it pursuant to CPLR 327(a) on condition that EHL consent to the jurisdiction of the Philippine courts and agree to toll any statute of limitations that may have run while this action was pending in New York, and denied EHL's and defendant Kim Sin Wong a/k/a Kim Wong's motions to dismiss pursuant to CPLR 306-b and CPLR 3211(a)(8), unanimously affirmed, without costs.
The motion court properly held that it did not have personal jurisdiction over BRHI pursuant to CPLR 302(a)(2). Plaintiff relies on a theory of conspiracy jurisdiction, which requires it to make a prima facie showing of a conspiracy, and that it allege specific facts from which it can be inferred that BRHI was a member of a conspiracy involving the commission of a tortious act in New York (see In re Sumitomo Copper Litig., 120 F Supp 2d 328, 338-340 [SD NY 2000]; Lawati v Montague Morgan Slade Ltd., 102 AD3d 427, 428 [1st Dept 2013]). However, plaintiff fails to adequately allege that BRHI was aware or should have been aware that it was funds stolen from New York that were laundered at the Solaire casino, such that BRHI could be deemed to have been aware of the effects of its activities in New York. It also fails to allege that the conspirators' conduct in New York was at BRHI's direction or on its behalf.
The court also properly held that it did not have jurisdiction over BRHI under CPLR 302(a)(3)(ii). Plaintiff does not sufficiently allege that BRHI expected or should have expected its conduct to have consequences in New York (see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214-215 [2000]). Additionally, plaintiff fails to show why jurisdictional discovery should have been allowed, as it does not adequately explain what information it would seek in such discovery, or why it is not already otherwise available.
The motion court properly found jurisdiction over EHL as the complaint adequately alleges a connection between EHL's conduct via its owner, defendant Wong, and the alleged acts of the conspiracy in New York. The complaint alleges Wong's coordination with defendant Maia Deguito to establish fictitious accounts, which support the allegation that Wong was involved in providing hackers with the requisite routing information concerning the fictitious accounts, making the transfers possible. Therefore, plaintiff adequately pleaded awareness on EHL's part that the effects of such misconduct would be felt in New York. Given the extent and nature of EHL's alleged involvement, the exercise of personal jurisdiction comported with due process.
The motion court properly found that EHL and Wong were properly served. EHL and Wong did not submit affidavits denying association with the address where they were served or other proof to adequately rebut the presumption of valid service established through the completed certificates by the Philippine Central Authority (see HMC Assets, LLC v Trick, 199 AD3d 454, 455 [1st Dept 2021]; Voelker v Bodum USA, Inc. 149 AD3d 587 [1st Dept 2017]). Moreover, the sheriff effecting service for the Central Authority was told, at the address where they were served, only that Wong and EHL's agent were "not around," and not that they were altogether unassociated with the address.
The motion court properly held that the decision in Bangladesh Bank v Rizal Commercial Banking Corp. (2020 WL 1322275, 2020 US Dist LEXIS 49246 [SD NY, Mar. 20, 2020, 19 Civ 983 (LGS)]) did not have collateral estoppel effect in the present action as the forum non conveniens determination in that case was not "necessary to support a valid and final judgment on the merits" (Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17-21 [1982]; Alamo v McDaniel, 44 AD3d 149, 153 [1st Dept 2007]). In the federal action, the court denied forum non conveniens relief only after it decided to dismiss plaintiff's RICO claim and declined to exercise jurisdiction over the state law claims.
The motion court did not abuse its discretion in dismissing the action against EHL on forum non conveniens grounds. As the court thoroughly considered each of the relevant factors in making its determination, "there has been no abuse of discretion . . . even if we would have weighed those factors differently" (Estate of Kainer v UBS AG, 37 NY3d 460, 467 [2021] [internal quotation marks omitted]; Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]).
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023